UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEVEN M. HUNTER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 09-0025 (RWR) |
| EDWARD F. REILLY, JR., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's motions for summary judgment, to amend the complaint, and for injunctive relief, and defendant's motion to dismiss. Because plaintiff already has obtained the relief he seeks through a habeas corpus action filed in the United States District Court for the Western District of Louisiana, that is, a parole hearing at which the regulations of the former District of Columbia Board of Parole were applied, the Court will grant defendant's motion. In addition, the Court will deny plaintiff's motions for summary judgment and for injunctive relief as moot, and will deny plaintiff's motion to amend the complaint.

I. BACKGROUND

On February 1, 1996, in the Superior Court of the District of Columbia, plaintiff was sentenced to an aggregate term of 10 to 30 years' incarceration on his convictions for simple assault, aggravated assault while armed, and assault with a dangerous weapon. Compl. at 12.[1]

---

[1] Plaintiff has submitted a preprinted form Complaint for Violation of Civil Rights, and attaches to it a 20-page handwritten statement. Unless otherwise indicated, a reference to the Complaint ("Compl.") in this Memorandum Opinion is a reference to the handwritten statement.

He "committed his offenses after the 1987 Regulations and 1991 Policy Guideline were adopted" by the District of Columbia Board of Parole ("Parole Board"). *Id.* By the time plaintiff became eligible for parole, the Parole Board had been abolished, and the United States Parole Commission ("USPC") had assumed the jurisdiction and authority to grant, deny, or revoke parole, to impose or modify conditions of parole, and to promulgate regulations pertaining to parole for District of Columbia Code offenders. *See* National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), 111 Stat. 745, Pub. L. 105-33, § 11231, codified at D.C. Code § 24-131(a), (b).

When the USPC conducted plaintiff's initial parole hearing in February 2005 and a rehearing in July 2008, it applied its own guidelines, *see* 28 C.F.R. § 2.80 *et seq.*, for District of Columbia Code offenders:

> The USPC calculated Hunter's [Salient Factor Score] as an __ placing him in the risk category __ with a base point score of __ and added __ points because [the underlying offense] was a crime of violence in which [the victim's] death could have resulted . . .. The base point score was 4 converted to a base guideline range of 12-18 months, which was added to Hunter's parole eligibility period of 124 months. The USPC then added 12-16 months for [a] disciplinary infraction, for what they consider "new criminal conduct," and added 0-6 months for 3 disciplinary infractions . . . which they consider as administrative infraction[s]. Then [the USPC] added 12-22 months for disciplinary infraction Hunter guideline range of . . . 136-142 [giving] Hunter [a] guideline range total of 148-164 months. The USPC denied Hunter's request for parole on March __, 2005, a decision within the Guidelines. At that time, Hunter had served 115 months[,] 48 months away from the bottom of his total guideline range. The USPC set [a] rehearing for February 2008.
>
> On July 30, 2008, the USPC conducted Hunter's rehearing under the 2000 Guidelines. The USPC added 0-10 months to Hunter's guideline range of 148-164, for 1 disciplinary infraction they consider "new criminal conduct," giv[ing] Hunter [a] total guideline

2

> range of 148-174. The USPC then added 0-8 months to Hunter['s]
> guideline range of 148-174, for 4 disciplinary infractions . . . which
> they consider Administrative Infractions [giving] Hunter [a] guideline
> range of 148-182. The USPC denied Hunter's request for parole and
> set [a] rehearing for 36 months July 2011. Above the top of the
> guideline by 10 months.

Compl. at 12-13 (blank lines in original). According to plaintiff, if the USPC had applied the Parole Board's 1987 Regulations and 1991 Policy Guideline, he would have been presumed suitable for parole release at his initial hearing with a low level of supervision:

> [U]nder the 1987 Regulations his background would have qualified
> him to an SFS of 8, placing him in a good risk/low risk category with
> a baseline score of 0. One point would have been added to his
> baseline score because his current offense involved violence and one
> point would have been subtracted for sustained program achievement, leaving Hunter with a total
> point score of 0. ([Notably] even if the Board would have added one point for disciplinary infraction
> the one point for sustained program [achievement] would still have [given] Hunter [a] total point
> score of 1). With a total point score of 0 and or (1), Hunter would have been presumed suitable for
> parole at his Initial hearing with a low level of supervision.

Compl. at 17. In other words, application of the USPC's guidelines allegedly "increased the risk that [plaintiff] would and . . . in fact [did] serve a longer term of incarceration" in violation of the Ex Post Facto Clause of the United States Constitution. *Id.* at 19; Compl. (preprinted form) at 5 (page number designated by the Court).

Plaintiff demands an Order directing the defendant to conduct a new parole rehearing and to apply the former Parole Board's 1987 Regulations and 1991 Policy Guideline. Compl. (preprinted form) at 5.

3

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

Defendant moves to dismiss this action as moot because "[p]laintiff is litigating this identical claim in *Hunter v. Parole Comm'n*, 06-1745 (DDD/JDK) (W.D. La.)," Defendant's Memorandum of Law in Support of Motion to Dismiss and Opposition to Plaintiff's Motion for Summary Judgment ("Def.'s Mem.") at 1, and because the USPC already has "ordered a new parole hearing in light of this Court's decision in *Sellmon v. Reilly*, 551 F. Supp. 2d 66 (D.D.C. 2008)." *Id.* at 2.[2]

The Court takes judicial notice of the records of the United States District Court for the Western District of Louisiana. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216-17 (D.D.C. 2002). In October 2006, while he was incarcerated at the United States Penitentiary in Pollock, Louisiana, plaintiff filed an application for a federal writ of habeas corpus in the United States District Court for the Western District of Louisiana.[3] Generally, plaintiff alleged that the USPC's guidelines for District of Columbia Code offenders violate the Ex Post Facto Clause of the United States Constitution. *See* Application for Federal Writ of Habeas Corpus, *Hunter v. United States Parole Comm'n*, No. 06-1745 (W.D. La. filed Oct. 6, 2006). In relevant part, the application read:

---

[2] In *Sellmon*, the Court found four significant facial differences between the parole regimes in effect under the former Parole Board and the USPC, *see Sellmon*, 551 F. Supp. 2d at 87-88, and that these differences may have the practical effect of substantially increasing the risk that an inmate would serve a lengthier term of incarceration under the USPC guidelines.

[3] According to the Federal Bureau of Prisons' Inmate Locator, plaintiff currently is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.

> The USPC added 12-18 additional months to petitioner's Guidelines for [a] prison disciplinary infraction (assault on a correctional officer) . . . which the [USPC] consider[ed] new criminal conduct when petitioner would not have received 12-18 to his guideline range under the old D.C. Parole Board Guideline rules. And . . . there is a reasonable probability that the old D.C. Parole Board Rules would not have consider[ed] the prison disciplinary infraction as new criminal conduct or consider it unless it was done in the last year.
>
> * * *
>
> The USPC added 12-22 months to petitioner['s] guideline range for prison disciplinary infractions for greater than what petitioner would have received under the old D.C. Parole Board Rules . . .. The 12-22 months . . . which the [USPC] added to petitioner['s] guideline increase[d] petitioner['s] quantum of punishment in violation of the Constitution and are . . . harsher than that under the old D.C. Parole Board Guidelines (Rules) that [were] in effect at the time petitioner was convicted and sentence[d].

*Id.* at 7-8 (page numbers designated by the Court). In short, "application of [the USPC's 2000] guidelines (laws) was (is) illegal and a violation of the Ex Post Facto Clause." *Id*. at 8 (parentheses in original).

As plaintiff has alleged in the complaint filed in this Court, the USPC initially denied plaintiff parole and continued the matter for reconsideration in February 2008. Answer and Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, *Hunter v. United States Parole Comm'n*, No. 06-1745 (W.D. La. filed June 15, 2009) (February 17, 2005, Hearing Summary and March 16, 2005, Notice of Action). After a parole reconsideration hearing on July 30, 2008, the USPC again denied parole and continued the matter for reconsideration in July 2011. *Id.* (July 20, 2008, Hearing Summary and August 11, 2008 Notice of Action). However, in June 2009, the USPC took the following action:

> Reopen pursuant to 28 C.F.R. § 2.75(e) and remand for a new parole determination hearing. At this hearing, the Commission will apply

> the D.C. Board of Parole guidelines in effect at the time the prisoner committed his offenses, i.e., the 1987 guidelines. The Board's December 1991 policy guideline on the definition of guideline terms also applies in this case.

*Id.* (June 12, 2009, Notice of Action).

The United States Magistrate Judge to whom plaintiff's case had been assigned recommended that the habeas petition be denied and dismissed as moot. Report and Recommendation of Magistrate Judge, *Hunter v. United States Parole Comm'n*, No. 06-1745 (W.D. La. filed June 24, 2009).[4] The district judge declined to adopt the report until such time as the USPC conducted the new parole hearing and submitted, on or before October 20, 2009, "a report which . . . explain[ed] the result of the new hearing and its effect upon [plaintiff's] sentence under the old and amended guidelines." Order, *Hunter v. United States Parole Comm'n*, No. 06-1745 (W.D. La. filed Aug. 5, 2009). The USPC timely filed its report, and attached to it a copy of the July 27, 2009 Hearing Summary and September 26, 2009 Notice of Action. Report Pursuant to August 5, 2009, Order, *Hunter v. United States Parole Comm'n*, No. 06-1745 (W.D. La. filed Oct. 20, 2009). After having applied the former Parole Board's 1987 Regulations and 1991 Policy Guideline, and departing from them, the USPC denied parole and continued the matter for a rehearing in July 2010. *Id.* at 3. Ultimately, the district judge deemed the magistrate's report moot, found no violation of the Ex Post Facto Clause, and found no abuse of discretion on the part of the USPC. *Hunter v. United States Parole Comm'n*, No. 06-1745,

---

[4] *See Hunter v. United States Parole Comm'n*, No. 06-1745, 2009 WL 2407657 (W.D. La. June 24, 2009) (Magistrate Report and Recommendation).

2009 WL 3853378, at *9 (W.D. La. Nov. 17, 2009).[5]  She thus "defer[red] to the judgment of the USPC as to [plaintiff's] suitability for parole."  *Id.* at 13.

"[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see Spencer v. Kemna*, 523 U.S. at 18 ("[M]ootness, however it may have come about, deprives [the Court] of the power to act; there is nothing for [the Court] to remedy, even if [it] were disposed to do so.").

Review of the docket of plaintiff's Louisiana case makes clear that plaintiff has obtained the relief he has sought thus far: a parole rehearing at which the USPC applies the former Parole Board's 1987 Regulations and 1991 Policy Guideline.  Accordingly, the Court will grant defendant's motion to dismiss.  *See Wilson v. Reilly*, 163 Fed. Appx. 122, 125 (3d Cir. 2006) (per curiam) (affirming district court's dismissal of habeas petition as moot "because the relief Wilson sought in his petition had been provided, the District Court could fashion no reasonable remedy for him"); *Gassaway v. United States Parole Comm'n*, No. 3:08CV415, 2009 WL 3055326, at *3 (E.D. Va. Sept. 23, 2009) (provisionally dismissing as moot a District of Columbia offender's challenge to the application of the USPC's guidelines upon the USPC's representation that it would conduct a new parole hearing using the former Parole Board's 1987

---

[5]  Plaintiff's appeal is pending before the United States Court of Appeals for the Fifth Circuit.  *See Hunter v. United States Parole Comm'n*, No. 09-31186 (5th Cir. filed Dec. 17, 2009).

7

regulations); *see also Lane v. Williams*, 455 U.S. 624, 631 (1982) (finding that an attack on sentences which expired during the course of habeas proceedings rendered the case moot); *Thorndyke v. Washington*, 224 F. Supp. 2d 72, 75 (D.D.C. 2002) (dismissing habeas petition as moot upon issuance of corrected Notice of Action "[b]ecause the petitioner's arguments now rely on facts that are no longer accurate, [and] the arguments no longer raise 'live' issues").

*B. Plaintiff's Motion for Leave to Amend the Complaint*

Plaintiff moves to amend his complaint in order to "seek[] damages and injunctive and declaratory relief against the [USPC] and various commissioners in their official and/or individual capacities pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)[.]" Emer. Mot. for Leave to Amend Compl. [Dkt. #23] at 1. Because defendant has not yet filed a responsive pleading, plaintiff may amend his complaint as of right. *See* Fed. R. Civ. P. 15(a). However, plaintiff's motion suffers from fatal infirmities. It violates Local Civil Rules 7(i) and 15.1 because it failed to attach the proposed amended complaint. Reading the motion as the proposed amended complaint, it violates Federal Rule of Civil Procedure 10(a) because, among other things, it fails to name the intended defendants. In any event, allowing amendment would be futile in part.

For actions taken under § 11231 of the Revitalization Act, members of the USPC are amenable to suit in their individual capacities under 42 U.S.C. § 1983 and, by extension, under *Bivens*. *Fletcher v. District of Columbia*, 370 F.3d 1223, 1227 (D.C. Cir. 2004), *vacated in part on other grounds*, 391 F.3d 250 (D.C. Cir. 2004); *see Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005) (reaffirming the holding in *Fletcher* that "a cause of action under § 1983 will lie against the individual members of the [USPC] when acting pursuant to the

Revitalization Act § 11231"). Plaintiff does not mention in his motion which of the "various commissioners" he intends to sue and, under these circumstances, proper summonses cannot be issued and service of process cannot be effected.

Moreover, a suit against USPC commissioners in their official capacities is treated as a suit against the USPC itself. *See Ali v. United States Parole Comm'n*, No. 06-0235, 2007 WL 902312, at *2 (D.D.C. Mar. 23, 2007) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). The USPC is a federal government agency. *See, e.g., Epps v. Howes*, No. 06-717 (RMC), 2007 WL 2248072, at *3 (D.D.C. July 31, 2007); *see also Settles*, 429 F.3d at 1106. The USPC is not a state actor subject to suit under 42 U.S.C. § 1983. *See, e.g., Williams v. United States*, 396 F.3d 412, 415-16 (D.C. Cir. 2005). While claims for injunctive relief may be brought against the USPC or its commissioners in their official capacities under 42 U.S.C. § 1983, *Ali*, 2007 WL 902312, at *2 n.2 ("A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (citations and internal quotation marks omitted), plaintiff already has secured the equitable relief to which he would be entitled. In addition, sovereign immunity bars a claim for money damages against the USPC, and against its commissioners in their official capacities because of the USPC's status as a federal government entity. *See Settles*, 429 F.3d at 1106 ("Despite its role in administering parole for D.C. Code offenders, the [USPC] retains the immunity it is due as an arm of the federal sovereign."); *see also Epps*, 2007 WL 2248072, at *3 (dismissing claims brought under 42 U.S.C. §1983 against the United States, the Department of Justice, and the USPC for lack of subject matter jurisdiction because these entities were protected from suit by sovereign immunity).

For these reasons, the Court will deny plaintiff's motion to amend the complaint. An Order accompanies this Memorandum Opinion.

Signed this 12th day of March, 2010.

                                                                 /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge